United States District Court
Southern District of Texas
**ENTERED**
October 27, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GARAUNG K. JARIWAIA, | § § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-0099 |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL BRANCH HEALTHCARE SERVICES, INC. | § § § | |
| *Defendant.* | | |

## ORDER DISMISSING CERTAIN CLAIMS FOR LACK OF JURISDICTION

Plaintiff Garaung K. Jariwaia has sued his former employer, the University of Texas Medical Branch Healthcare Services, Inc. ("UTMB"). Mr. Jariwaia alleges that UTMB discriminated against him because of his race and his age, and that UTMB violated his rights by harassing him during his employment, treating him unequally, and retaliating against him by firing him after he complained of his alleged mistreatment. (Dkt. 2, Plaintiff's Amended Complaint).

UTMB has contended that it has immunity, under the Eleventh Amendment, from many of Jariwaia's claims. (Dkt. 30). Jariwaia does not dispute this and instead, "adopts as his own the extremely well polished, well stated and well versed statement of the law enunciated by Defendant UTMB's counsel in her professionally written brief in support of UTMB's Motion for Summary Judgment." (Dkt. 31).

## ANALYSIS

Although UTMB raised the issue of its Eleventh Amendment immunity in a motion for summary judgment, the Fifth Circuit has held that such issues are more properly considered by way of a motion to dismiss for lack of subject matter jurisdiction. *Voisin's Oyster H., Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986).

This Court has found that a genuine dispute of material fact exists to prevent summary judgment in UTMB's favor. However, the Court also now, *sua sponte*, considers certain portions of UTMB's motion for summary judgment as a motion to dismiss for lack of subject-matter jurisdiction. The Court finds that Jariwaia's claims under Section 1983 and the Age Discrimination in Employment Act, as well as his claims for employment discrimination and retaliation under Texas law should be dismissed, without prejudice.

### A. Section 1983 Claims

The Court finds that it lacks subject matter jurisdiction over Jariwaia's claims against UTMB under Section 1983. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States.'" *Livadas v. Bradshaw*, 512 U.S. 107, 132, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994). To state a claim under section 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S.

149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

However, the Eleventh Amendment prevents federal courts from hearing cases by citizens of a State against their own State. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guirdy*, 799 F.2d 183, 185 (5th Cir. 1986). This Eleventh Amendment immunity extends to any agency or other political entity that is the alter ego or arm of the State. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688–89 (5th Cir. 2002) (internal quotation marks and citations omitted). "State colleges and universities may be considered 'arms of the state,' but they are not automatically entitled to sovereign immunity." *Kermode v. U. of Mississippi Med. Ctr.*, 496 Fed. App'x. 483, 487-88 (5th Cir. 2012). To determine whether an institution such as UTMB is an arm of the State of Texas and thus entitled to sovereign immunity, "we examine the powers, characteristics[,] and relationships created by state law in order to determine whether the suit is in reality one against the state." *United Carolina Bank v. Bd. of Regents of Stephen F. Austin State Univ.*, 665 F.2d 553, 556–57 (5th Cir. 1982); *see also Jensen v. Thaler*, No. H-13-2390, 2014 WL 2938383, at *4 (S.D. Tex. June 27, 2014) (court should analyze (1) whether the state statutes and caselaw view the agency as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property) (citing *Black v. North Panola Sch. Dist.*, 461 F.3d 584, 596 (5th Cir. 2006)).

Numerous other federal courts have held that UTMB is immune from section 1983. *See, e.g., Lewis v. U. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (concluding that UTMB was immune under the Eleventh Amendment from a section 1983 claim because appellant conceded UTMB is a state agency and did not argue that Texas consented to the suit); *Jensen v. Thaler*, No. H-13-2390, 2014 WL 2938383, at *4 (S.D. Tex. June 27, 2014). As observed by United States District Judge Sim T. Lake in a different lawsuit involving section 1983 claims against UTMB, "UTMB receives state funding from Texas's Permanent University Fund, disposes of donations, gifts, grants, and endowments in accordance with state law, and pays claims against it by direct legislative appropriation . . . [and] UTMB is under the control and management of the Board of Regents of the University of Texas System, whose members are appointed by the governor with the advice and consent of the state senate." *Jensen v. Thaler*, No. H-13-2390, 2014 WL 2938383, at *4 (S.D. Tex. June 27, 2014) (internal citations omitted). Indeed, Plaintiff does not contend otherwise. Accordingly, the Court concludes that Plaintiff's claim against UTMB under section 1983 should be dismissed.

### B. ADEA Claims

Next, Jariwaia contends that UTMB illegally discriminated against him because he was over 40 years old and that UTMB violated the Age Discrimination in Employment Act ("ADEA"), 29 USCS § 621. The Court finds that it also lacks subject-matter jurisdiction over these claims. As numerous cases have noted, "Congress did not abrogate the states' sovereign immunity with respect to the ADEA," *McGarry v. Univ. of Miss. Med. Ctr.*, 355 F. App'x 853, 856 (5th Cir. 2009) (per curiam) (citing *Kimel v. Fla. Bd. of*

4

*Regents*, 528 U.S. 62, 91, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000)), and there is no evidence that UTMB or the State of Texas has waived immunity in this case. *See, e.g., Chhim v. U. of Houston Clear Lake*, CIV. H-15-1272, 2015 WL 5252673, at *2 (S.D. Tex. Sept. 9, 2015). And again, Plaintiff does not argue to the contrary. Accordingly, the Court concludes that Plaintiff's claims under the ADEA should also be dismissed.

### C. TCHRA State Law Claims

Finally, Jariwaia also alleges that UTMB violated the Texas Commission on Human Rights Act ("TCHRA"), as contained in the Texas Labor Code. However, Jariwaia may not bring this claim in federal court. *See Hernandez v. Texas Dep't of Human Servs.*, 91 Fed. App'x. 934, 935 (5th Cir. 2004) ("The State of Texas has waived its sovereign immunity in state courts for TCHRA violations . . . Texas' waiver of sovereign immunity in its own courts, however, is not a waiver of its Eleventh Amendment immunity in federal courts. . . . Indeed, the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court."); *see also Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 332 (5th Cir. 2002) ("A state's waiver of sovereign immunity in state court does not mean the state has waived Eleventh Amendment immunity in federal court"; the Texas Labor Code does not waive Eleventh amendment immunity in federal court). Accordingly, Plaintiff's state law claims under the TCHRA should also be dismissed.

## CONCLUSION

After considering the pleadings and the record in this case, the Court finds that it lacks subject matter jurisdiction over Jariwaia's claims against UTMB under Section 1983, the ADEA, and the TCHRA.

Accordingly, the Court hereby **DISMISSES** these claims, *without prejudice*.

**IT IS SO ORDERED.**

SIGNED at Galveston, Texas on October 27, 2015.

                                          GEORGE C. HANKS, JR.
                                    UNITED STATES DISTRICT COURT